## POWELL v. G. W. HUME CO.

(First Division.  Ketchikan.  February 6, 1922.)

No. 455–KA.

1. **Navigable Waters** ⬅19—Obstructions—Pleadings—Fish Traps.

A complaint alleging that defendant's fish trap, constructed in the navigable waters of the United States, extending half a mile seaward at right angles from the shore into the said navigable waters, was so constructed without the affirmative authority from Congress, was heavily and solidly built and unlighted, that without fault the plaintiff in the nighttime ran into the said structure, and was damaged by the loss of his boat, states a good cause of action.

2. **Navigable Waters** ⬅19—Fish Trap—Negligence.

The erection and maintenance of a fish trap at right angles to the seashore, and half a mile seaward, into the navigable waters of the United States, without the affirmative authority of Congress, is malum prohibitum, and is prima facie negligence, and if the defendant's special damage was due to the erection and maintenance of such structure, he has a right of action.

The defendant has filed a general demurrer to the amended complaint in this action, and the only question raised is whether the complaint states a cause of action against the defendant. The particular objection raised by counsel for the defendant is that the complaint does not set forth sufficient facts to show any actionable negligence on the part of the defendant, and reference is made to paragraphs 2 and 5 of each cause of action in the complaint as not being sufficiently definite to show negligence.

The allegations of paragraph 2 are to the effect that prior to October 22, 1920, the defendant erected a fish trap on the northwesterly shore of an island in southeastern Alaska, extending from near the shore to a point about half a mile sea-

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ward from the shore, into the navigable waters of the United States. After describing the trap as solidly and heavily constructed, he alleges that said structure was constructed by the defendant in the navigable waters of the United States, without any affirmative authority from the Congress of the United States, or any other authority, but recklessly and in violation of law, and as so constructed was carelessly and negligently allowed to remain in the place aforesaid on October 22, 1920.

Paragraphs 3 and 4 describe the launch Pilot and allege that on October 22, 1920, while proceeding along the navigable waters with due care, the said vessel, or launch, collided with the trap and was wrecked.

Paragraph 5, after stating that the night was dark and other evidentiary matter, avers that the fish trap aforesaid extended half a mile into the traveled navigable waters of the United States, at right angles to the shore, with no watchman thereon, and that thereabouts, and by reason thereof, the collision occurred.

W. H. Winston, of Ketchikan, for plaintiff.

A. H. Zeigler, of Ketchikan, for defendant.

REED, District Judge. The defendant claims that the foregoing allegations are not sufficient to show actionable negligence. While the complaint has much detail and evidentiary matter not necessary to it, and the facts showing the negligence could perhaps be more pertinently put, the complaint shows negligence in the construction and maintenance of the trap as constructed. If more specific detail as to what the negligence complained of is necessary to enable the defendant to make his defense, it was within the power of the defendant to have the complaint made more definite and certain, or move for a bill of particulars.

The act of Congress of March 3, 1899, c. 425, § 10 (30 Stat. p. 1151; U. S. Comp. St. § 9910) provides, among other things:

"That the creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is hereby prohibited; and it shall not be lawful to, build or commence the building of any wharf, pier, dolphin, boom, wier, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no

harbor lines have been established, except on plans recommended by the Chief of Engineers, and authorized by the Secretary of War."

The complaint, in paragraphs 2 and 5, alleges that the fish trap was constructed in the navigable waters of the United States, extending at right angles from the shore thereof, without affirmative authority from Congress, or any authority, and that the same was negligently and recklessly maintained on the 22d day of October, 1920. This allegation is sufficient to bring the construction and maintenance of the structure within the prohibition of the act of Congress aforesaid, unless it was within established harbor lines. This exception is a matter of defense. The erection and maintenance of the structure, being a malum prohibitum, is prima facie negligence, and if the defendant received special damages, due to the erection and maintenance of such structure, he has a right of action. This is sufficiently shown in the complaint.

The demurrer will therefore be overruled.

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes